MILK PRODUCTS, S. A., demandante y apelada, *v.* SECRETARIO DE HACIENDA, demandado y apelante.

Número 11639.

*Sometido:* 15 de enero de 1957. *Resuelto:* 28 de junio de 1957.

*Hon. Secretario de Justicia José Trías Monge y J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelante; *R. Rivera Zayas, G. Rivera Cestero, Milton F. Rua y A. Segurola de Diego,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Milk Products, S. A., obtuvo del Secretario de Hacienda una prórroga para rendir la planilla de contribución sobre ingresos correspondiente a su año contributivo terminado el 30 de septiembre de 1952—que venía, por ley, obligada a rendir a más tardar el 15 de diciembre del mismo año—a condición de que rindiera una declaración provisional en o antes del 25 de diciembre y la declaración final en o antes del 15 de enero de 1953.

En el documento autorizando la prórroga el Secretario de Hacienda hizo constar, además de la condición apuntada, la siguiente:

"Esta prórroga no conlleva una prórroga para el pago de la contribución o de cualquier plazo de la misma. Es necesario que se acompañe a la Declaración Provisional una cantidad igual o mayor que la mitad de la contribución que resultare en la declaración final. De acompañarse una cantidad menor, se perderá el derecho a pagarla en dos plazos y el balance no pagado devengará intereses a razón del 1% mensual desde la fecha prescrita para el pago del primer plazo hasta la fecha en que se pague dicho balance."

El 24 de diciembre de 1952 la contribuyente rindió la declaración provisional exigida, acompañando a ésta la suma de $16,619.14, o sea, la mitad de $33,038.28 que fué la contribución estimada en dicha declaración provisional.

El 15 de marzo de 1953—luego de haberle sido ampliada la prórroga por el Secretario de Hacienda—rindió la contribuyente su declaración final, determinando en su planilla una contribución de $36,712.87. En dicha fecha pagó la suma de $1,837.30, o sea, la diferencia entre la mitad de la contribución estimada en su declaración provisional—$16,519.14—y

la mitad de la contribución declarada en la planilla final—$18,356.44—más la suma de $55.11 por concepto de intereses al 1% mensual sobre esa diferencia, desde el 15 de diciembre de 1952 hasta la fecha en que rindió dicha planilla final.

El 15 de junio de 1953 pagó al Tesoro la suma de $18,356.44 importe del segundo plazo de la contribución declarada.

El 16 de diciembre de 1953 el Secretario de Hacienda requirió de la contribuyente el pago de $1,134.19 por concepto de intereses, suma ésta que en adición a los $55.11 pagados el 15 de marzo—también en concepto de intereses—representaba el total de los intereses que, a juicio del Secretario, venía aquella obligada a satisfacer sobre la totalidad de la contribución declarada en la planilla final—excluyendo la ya pagada—computados desde el 15 de diciembre de 1952.

El 26 de marzo de 1954, el Secretario, luego de denegar las objeciones formuladas por la contribuyente al primer requerimiento de pago héchole por éste, le notificó el requerimiento final. En impugnación de dichas actuaciones inició Milk Products, S. A., el presente pleito.

El Secretario sostuvo ante el tribunal de instancia, al igual que ahora ante nos, que no habiendo la contribuyente pagado —al rendir el 24 de diciembre de 1952 la declaración provisional requerídale como condición para la prórroga que le fué concedida—la mitad por lo menos de la contribución "que resultara de su declaración final"—para lo cual le concedió hasta el 15 de enero de 1953, y en virtud de nueva prórroga hasta el 15 de marzo siguiente—perdió aquélla su derecho a pagar la contribución en dos plazos, y, que, por consiguiente, habiendo vencido el pago total de la contribución el 15 de diciembre de 1952, la cantidad no pagada de la misma devengaba intereses desde dicha fecha.

El tribunal de instancia dictó sentencia declarando que no procedía el cobro de los intereses en litigio, según pretendía el Secretario. Sin embargo, considerando que bajo los

términos de la prórroga extendida a la contribuyente *para rendir* su declaración de ingresos, el Secretario, a la vez, le prorrogó expresamente la fecha *para el pago* del primer plazo de la contribución hasta el 25 de diciembre de 1952—cosa que el Secretario concede en su alegato ante nos—resolvió, además, que el primer plazo de la contribución declarada devengaba intereses al 6% desde el 15 al 24 de diciembre, y ordenó que la contribuyente pagara dichos intereses con el ajuste correspondiente por haber ya pagado parte de ellos.

 No es necesario examinar aquí los varios señalamientos de error apuntados por el Secretario de Hacienda en apoyo de su recurso. Bajo los hechos de este caso su reclamación no puede prosperar. Nuestra decisión, sin embargo, tiene como único fundamento el siguiente: La contribuyente, al no pagar la mitad completa de la contribución que resultaba de su planilla final, estuvo expuesta a perder el derecho que la sec. 53 (*b*) (1) de la Ley de Contribuciones sobre Ingresos de 1924 aquí aplicable, le reconocía, de pagar la contribución en dos plazos iguales. No obstante, la ausencia, de parte del Secretario, de hacer la notificación y requerimiento de pago por el monto total de la contribución según exige la ley—sec. 53 (*b*) (2)—cuando algún plazo no es pagado en la fecha fijado para ello, derrota la reclamación de intereses sobre el monto total de dicha contribución, ya que es el requerimiento el acto culminante que efectivamente anula el derecho de un contribuyente a pagar la contribución en dos plazos iguales, y por ende, el punto de partida para que devengue intereses la suma total adeudada. Mientras no medie tal requerimiento, este derecho subsiste. *Internal Revenue Cumulative Bulletin*, Núm. 3, Julio-Dic. 1920, pág. 286 a 288. 9 Mertens, *Law of Federal Income Taxation*, sec. 49.139, pág. 119, nota 64. Véase art. 323 del Reglamento del Tesorero y Mertens, ob. y t. cit., sec. 49.145, pág. 124.

No habiendo mediado la notificación y requerimiento exigidos por la ley, no procede, por esa razón, el cobro de los in-

tereses reclamados por el Secretario de Hacienda. Y es correcto el pronunciamiento adicional de la sentencia al efecto de que la demandante viene obligada a pagar, por el período de prórroga del 15 al 24 de diciembre de 1952, intereses al 6% sobre la suma de $18,356.44, primer plazo de la contribución declarada y no pagada en su totalidad, y que debe hacerse el correspondiente reajuste por haber ya pagado la contribuyente, por ese concepto, intereses al 1% mensual sobre la diferencia de $1,837.30 dejada de satisfacer oportunamente.

*La sentencia será confirmada.*

El Juez Asociado Sr. Marrero no intervino.